IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| Karon Warren, Deborah Kaplan, Kimberly Kavin, and Jennifer Singer,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>United States Department of Labor; Lori Chavez-DeRemer, U.S. Secretary of Labor; Donald M. Harrison, III, in his official capacity as Acting Administrator of the Wage and Hour Division; United States Department of Labor, Wage and Hour Division,[*]<br><br>Defendants-Appellees. | No. 24-13505 |

## STATUS REPORT

Defendants-appellees United States Department of Labor, *et al.*, respectfully respond to this Court's order dated April 14, 2025, placing this case in abeyance and directing appellees to file a status reports every 60 days thereafter.

**1.** This appeal involves a challenge to a rule issued by the Department of Labor that provides interpretive guidance regarding the analysis the Department used in its Fair Labor Standards Act enforcement to determine whether workers are, as a matter of economic reality, in business for themselves (and thus independent

---

[*] Pursuant to Fed. R. App. Proc. 43(c)(2), Acting Administrator Donald M. Harrison, III, is automatically substituted for former Administrator Jessica Looman.

contractors), or economically dependent on the employer for work (and thus employees). 89 Fed. Reg. 1638 (Jan. 10, 2024).

There are several other active challenges to the rule pending in other circuits, *Frisard's Transp., LLC v. Dep't of Labor*, No. 2:24-cv-00347 (E.D. La. Mar. 8, 2024), *appeal pending* No. 24-30223 (5th Cir.); *Colt & Joe Trucking, LLC v. U.S. Dep't of Labor*, No. 24-cv-00391, 2025 WL 56658 (D.N.M. Jan. 9, 2024), *appeal pending*, No. 25-2022 (10th Cir.); *Littman v. U.S. Dep't of Labor*, No. 3:24-cv-00194, 2025 WL 763585 (M.D. Tenn. Mar. 11, 2025), *appeal pending*, No. 25-5335 (6th Cir.), and one case pending in in the Eastern District of Texas, *Coalition for Workforce Innovation v. Chavez-DeRemer*, No. 1:21-cv-130 (E.D. Tex.).

**2.** As noted in the government's motion to place this case in abeyance, the Department of Labor has represented to undersigned counsel that it intends to reconsider the regulation at issue in this litigation, including whether to issue a notice of proposed rulemaking rescinding the rule. Since that motion was filed, the other corresponding cases have also been held in abeyance. *See Frisard v. Department of Labor*, No. 24-30223, Dkt. No. 112 (April 8, 2025); *Littman v. Department of Labor*, No. 25-5335, Dkt. No. 11 (6th Cir. May 2, 2025); *Coalition for Workforce Innovation v. Chavez-DeRemer*, No. 1:21-cv-130 (E.D. Tex. Apr. 29, 2025). The Tenth Circuit mediation program has also delayed the start of briefing in *Colt & Joe Trucking* following a mediation conference during which the Department reiterated its intent to reconsider the regulation at issue, and the Department has filed a motion formally requesting an

abeyance from the court. *See Colt & Joe Trucking LLC v. U.S. Dep't of Labor,* No. 25-2022, Dkt. No. 19 (10th Cir. June 13, 2025).

**3.** On May 1, 2025, the Department of Labor published a Field Assistance Bulletin (FAB) providing guidance to the Wage and Hour Division's field staff regarding the analysis that should apply when determining employee or independent contractor status for purposes of enforcing the FLSA. U.S. Department of Labor, Field Assistance Bulletin No. 2025-1.[1] That document reiterated that the Department of Labor is reconsidering the regulation at issue in this litigation (including whether to rescind the regulation), and that the Wage and Hour Division is "currently reviewing and developing the appropriate standard for determining FLSA employee versus independent contractor status." *Id.* The bulletin further stated that, consistent with the Department's expressed intent to reconsider the rule, the Wage and Hour Division "will no longer apply the 2024 Rule's analysis when determining employee versus independent contractor status in FLSA investigations." *Id.* Instead, the Department will enforce the FLSA in accordance with prior subregulatory guidance: U.S. Department of Labor, Fact Sheet # 13 (July 2008),[2] and Opinion Letter FLSA 2019-6.[3] The bulletin noted that "[u]ntil further action is taken," the regulation at

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/fab/fab2025-1.pdf.
[2] https://www.dol.gov/sites/dolgov/files/WHD/fact-sheets/whdfs13.pdf.
[3] https://www.dol.gov/sites/dolgov/files/WHD/opinion-letters/FLSA/FLSA2019-6.pdf.

3

issue in this litigation "remains in effect for purposes of private litigation" and that the bulletin does not change "the rights of employees or responsibilities of employers under the FLSA."  FAB No. 2025-1 at 2.

**4.**  As the foregoing developments illustrate, the Department of Labor is proceeding with reconsideration of the rule at issue in this litigation and is exploring available options, including whether to issue a notice of proposed rulemaking rescinding the regulation.  In accordance with this Court's order dated April 14, the government will file another status report in 60 days.

Respectfully submitted,

MICHAEL S. RAAB

 **/s/ Jennifer L. Utrecht**
JENNIFER L. UTRECHT
(202) 353-9039
  *Attorneys, Appellate Staff*
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave. N.W.
  Room 7710
  Washington, D.C. 20530

JUNE 2025

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

                                            **/s/ Jennifer L. Utrecht**
                                            Jennifer L. Utrecht